IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:21-cv-03202

ANGEL A. RIZK-ALLAN,

    Plaintiff,

v.

SATURN SYSTEMS, INC.,

    Defendant.

## COMPLAINT

NOW comes ANGEL A. RIZK-ALLAN ("Plaintiff"), by and through the undersigned, complaining as to the conduct of SATURN SYSTEMS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant is headquartered in Bailey, Colorado, which is within the District of Colorado, and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Colorado.

### PARTIES

1

4. Plaintiff is a consumer over 18 years-of-age.

5. Defendant provides third party debt collection services and its principal place of business is located at 633 Rustlers Rd, Bailey, CO 80421.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. The instant action stems from Defendant's attempts to collect upon a medical debt ("subject debt") from Plaintiff.

9. Plaintiff purportedly incurred the subject debt for personal medical services Plaintiff received from Philmont Guidance Center.

10. Upon information and belief, after Plaintiff's purported default on the subject debt, the subject debt was assigned to or otherwise turned over to Defendant for collection purposes.

11. Several months ago, Defendant began reporting the subject debt on Plaintiff's credit report(s) in an attempt to collect upon the subject debt.

12. Plaintiff was confused by Defendant's reporting of the subject debt as she has been making regular and timely payments to the creditor.

13. Defendant has been reporting the incorrect amount for the subject debt and failing to adjust the outstanding balance when she makes a payment on the subject debt.

14. Consequently, Plaintiff contacted Defendant to dispute the amount it was reporting as the outstanding balance of the subject debt.

15. Upon speaking with Plaintiff, Defendant berated Plaintiff and indicated that it would continue to report the subject debt until the statute of limitations requires it to stop reporting the subject debt.

16. Moreover, Defendant failed to communicate to the credit bureaus that Plaintiff disputes the subject debt.

17. Plaintiff was taken aback by Defendant's unprofessional conduct and harassing collection campaign.

18. Frustrated and confused over Defendant's conduct, Plaintiff spoke with her attorneys regarding her rights, resulting in expenses.

19. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation, and emotional distress.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA §1692d**

26. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(2) forbids "[t]the use of obscene language or language the natural consequence of which is to abuse the hearer or reader."

27. Defendant violated 15 U.S.C. §1692d and d(2) when it used harassing debt collection methods to collect upon the subject debt. The harassing nature of Defendant's collection campaign is highlighted by its unprofessional conduct of berating Plaintiff during its collection campaign. Any reasonable fact will conclude that Defendant's actions were harassing and abusive as Defendant ridiculed and needlessly embarrassed Plaintiff when it attempted to collect upon the subject debt.

   a. **Violations of FDCPA § 1692e**

28. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A);
>
> "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. §1692e(8); and
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

30. Defendant violated §1692e, e(2) e(8), and e(10) when it reported false information about the subject debt and failed to communicate to the credit bureaus that the subject debt is disputed.

4

Plaintiff stated to Defendant that it is reporting the inaccurate information for the subject debt. Despite the information provided by Plaintiff, Defendant continued to report inaccurate information about subject debt on Plaintiff's consumer reports, and Defendant failed to communicate to the credit bureaus that the subject debt is disputed.

      **b.   Violations of FDCPA § 1692f**

31. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

32. Defendant violated §1692f by employing unfair means to collect upon subject debt from Plaintiff. Specifically, it was unfair for Defendant to ridicule Plaintiff during its debt collection campaign as this act was designed to place undue pressure on Plaintiff to make a payment.

WHEREFORE, Plaintiff, ANGEL A. RIZK-ALLAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated:  November 30, 2021                Respectfully submitted,

                                                  s/ Nathan C. Volheim
                                                  Nathan C. Volheim, Esq. #6302103
                                                  *Counsel for Plaintiff*
                                                  Sulaiman Law Group, Ltd.
                                                  2500 South Highland Ave., Suite 200

Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com